# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY BURKE,<br><br>　　　　　　　Plaintiff,<br>vs.<br>CITY OF EL CAJON, a Municipal Corporation; WILLIAM ROBERT TAYLOR, an El Cajon Police Officer, individually and in his capacity as an officer for the City of El Cajon; and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 07-CV-1618-H-LSP<br><br>ORDER DENYING DEFENDANT CITY OF EL CAJON'S MOTION TO DISMISS |

On August 15, 2007, plaintiff Nancy Burke ("Plaintiff") filed a complaint against defendants City of El Cajon ("City"), William Robert Taylor, and Does 1-50 alleging a claim for violation of her civil rights in violation of 42 U.S.C. § 1983, as well as state claims for sexual assault and battery, false imprisonment, intentional infliction of emotional distress, violating Plaintiff's right to be free from gender violence in violation of sections 51.7 et seq. and 52 et seq. of California's Civil Code, violating Plaintiff's right to be free from sexual harassment in violation of sections 51.9 et seq. of California's Civil Code, invasion of privacy, negligence, and negligent hiring, training, supervision and retention (the "state claims"). (Doc. No. 1.) On August 31, 2007, City filed a motion to dismiss all of Plaintiff's claims for being time-barred, and

to dismiss Plaintiff's state claims pursuant to Plaintiff's failure to present her claims for damages against City within six months of the accrual of her causes of action as required by California's Tort Claims Act. (Doc. No. 5.) On September 24, 2007, Plaintiff filed an opposition to City's motion to dismiss. (Doc. No. 8.) On October 1, 2007, City filed a reply brief. (Doc. No. 10.)

The Court exercises its discretion, pursuant to Civil Local Rule 7.1(d)(1), to decide this motion on the papers. For the following reasons, the Court **DENIES** City's motion to dismiss Plaintiff's suit, **WITHOUT PREJUDICE** regarding City's ability to raise similar arguments in a motion for summary judgment.

## Background

In her complaint, Plaintiff alleges that on or about February 3, 2005, William Robert Taylor, at the time an on-duty police officer employed by City, knocked on the door of her van and indicated it was against the law to inhabit a vehicle as a residence on a city street. (Compl. ¶¶ 6, 10-11.) Taylor proceeded to tell Plaintiff to lay back, pull her pants down, and masturbate. (Id. ¶ 13.) Plaintiff complied with Taylor's request. (Id.) On March 28, 2007, Taylor was convicted in San Diego County Superior Court, case number SCD 196660, on charges of sexual penetration under color of authority, sexual battery, and requesting or taking a bribe. (Id. ¶ 15.)

Plaintiff alleges that on or about May 7, 2007, she presented a claim for damages against City and Taylor, and that on May 10, 2007, City issued a denial of Plaintiff's claim. (Id. ¶ 19.) On August 15, 2007, Plaintiff filed a complaint in the instant suit. On August 31, 2007, City filed a motion to dismiss Plaintiff's claims against it.

## Discussion

**I.    Request for Judicial Notice and Incorporation by Reference Doctrine**

Attached to its motion to dismiss, City submitted a request that the Court take judicial notice of Plaintiff's "Application for Leave to Present Late Claim," dated May

7, 2007,[1] and City's letter to Plaintiff denying her leave to present a late claim, dated May 10, 2007.

A court may consider documents in a 12(b)(6) motion whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine extends to situations in which the plaintiff's claim depends on the contents of a document and the defendant attaches the document to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint. See id.

Plaintiff's complaint alleges that on or about May 7, 2007, Plaintiff presented a claim for damages against City and Officer Taylor, and that City subsequently issued a denial of Plaintiff's claim on May 10, 2007. (Compl. ¶ 19.) Plaintiff does not contest, but rather substantiates, that the documents City requests the Court take judicial notice of are the documents referenced in paragraph 19 of her complaint. Accordingly, the Court concludes that it may take judicial notice of and consider Plaintiff's "Application for Leave to Present Late Claim," dated May 7, 2007, and City's letter to Plaintiff denying her leave to present a late claim, dated May 10, 2007, in determining this motion to dismiss.

**II.    Defendant's Motion to Dismiss**

    **A.    Legal Standards**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a

---

[1] Although City's judicial notice request states that Plaintiff's application was received by City on May 20, 2007, the document states on the upper right hand corner that it was received by the El Cajon City Clerk's Office on May 7, 2007, and City's response to the application, dated May 10, 2007, states that it received Plaintiff's claim on May 7, 2007.

complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.  See id. at 1965.

A court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.1987).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Id.  Furthermore, a motion to dismiss may be based on the running of the statute of limitations period if the running of the statute is apparent on the face of the complaint.  See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  Generally, however, the applicability of equitable tolling of a limitations period depends on matters outside the pleadings, so it is rarely appropriate to grant a motion to dismiss for failure to state a claim if equitable tolling is at issue.  See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006).  If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**B.     Statute of Limitations**

      **1.     Section 1983 Claim**

City argues that Plaintiff's § 1983 claim against it should be dismissed for being time-barred by § 335.1 of California's Code of Civil Procedure, which sets a two-year statute of limitations for personal injury claims.  Since Plaintiff's claim arises from Officer Taylor's actions that occurred on February 3, 2005, and Plaintiff did not file her complaint until August 15, 2007, Plaintiff's § 1983 claim, according to City, is time-

1  barred. Plaintiff counters that either § 338 or § 340.3 of California's Code of Civil
2  Procedure establishes the applicable statute of limitations, or in the alternative, the
3  Court should deny City's motion based on equitable tolling of the statute of limitations.
4    Plaintiff argues that § 338 of California's Code of Civil Procedure, which
5  establishes a three year statute of limitations where liability is "created by statute,"
6  establishes the limitations period for its § 1983 claim because City's liability is based
7  on § 815.2 of California's Government Code, which dictates when a public entity faces
8  vicarious liability. In determining the proper statute of limitations for actions brought
9  under § 1983, federal courts look to the statute of limitations for personal injury actions
10 in the forum state. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). The
11 forum state's law also governs questions regarding the tolling of such limitations
12 periods. See Lucchesi v. Bar-O Boys Ranch, 353 F.3d 691, 694 (9th Cir. 2003).
13 Federal law, however, determines when a § 1983 claim accrues. See Maldonado, 370
14 F.3d at 955.
15   In California, suits for personal injury actions are subject to a two-year statute
16 of limitations. See Cal. Civ. Proc. Code § 335.1; see also Pesnell v. Arsenault, 490
17 F.3d 1158, 1164 n.3 (9th Cir. 2007) ("On January 1, 2003, California's statute of
18 limitations applicable to § 1983 actions changed from one-year to two-years." (citing
19 Cal. Civ. Proc. Code § 335.1)); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)
20 (stating that a § 1983 action filed in California after January 1, 2003 "would clearly be
21 governed" by § 335.1); Maldonado, 370 F.3d at 954 (stating that in 2002, the
22 California legislature revised the relevant statute of limitations for a § 1983 action,
23 § 335.1 of California's Code of Civil Procedure, extending it to two years).
24 Additionally, under California law, "[t]he statute of limitations to be applied is
25 determined by the nature of the right sued upon, not by the form of the action or the
26 relief demanded." Quintilliani v. Mannerino, 62 Cal. App. 4th 54, 66 (1998) (quoting
27 Day v. Greene, 59 Cal. 2d 404, 411 (1963)). It is the gravamen of the complaint, not
28 the form of action, that determines the limitations period. See id. (citing Davis & Cox

v. Summa Corp., 751 F.2d 1507, 1520 (9th Cir. 1985)). The gravamen of Plaintiff's § 1983 action against City is based on Plaintiff's alleged personal injury from Officer Taylor's actions. Therefore, § 335.1 of California's Civil Procedure Code, not § 338, dictates the applicable statute of limitations for Plaintiff's § 1983 claim.

Section 340.3(a) of California's Code of Civil Procedure states:

> Unless a longer period is prescribed for a specific action, in any action for damages against a defendant based upon the defendant's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced.

"[T]he purpose of section 340.3 is to encourage the victim of a crime to obtain restitution by bringing an action for damages against the perpetrator when the perpetrator has been convicted of a felony offense." Guardian North Bay, Inc. v. Superior Court, 94 Cal. App. 4th 963, 975 (2001). "The minimum limitations period of at least one year from the judgment of conviction allows the victim to sue the defendant when an otherwise applicable statute of limitations has expired." Id. Plaintiff argues that even if § 335.1's two-year statute of limitations normally applies to a § 1983 claim, § 340.3 allows her to sue City since she filed suit within one year of Taylor's conviction.

City counters that § 340.3 only applies against "a defendant based upon the defendant's commission of a felony offense for which the defendant has been convicted," and therefore may not be used to determine the statute of limitations against City since City was never a defendant convicted of a felony offense. City points to § 340.1 of California's Code of Civil Procedure, which sets the statute of limitations in an action for damages suffered as a result of childhood sexual abuse, in which the California legislature specifically stated that the prescribed statute of limitations applied to both persons committing the act and entity defendants who violated a duty of care to the victim. Since § 340.3 does not contain similar language regarding entity defendants, City argues the Court should limit its effect to those defendants actually convicted of a felony offense.

The question of whether § 340.3 of California's Code of Civil Procedure can be applied to extend the statute of limitations against a public entity appears to be a novel one. The Court concludes, however, that it does not need to answer that question at this time because it concludes that, for purposes of City's motion to dismiss, City's motion must be denied based on the doctrine of equitable tolling.

In civil rights suits brought under § 1983, a federal court applies the forum state's equitable tolling rules as long as those rules are not inconsistent with federal law. See Guerrero v. Gates, 442 F.3d 697, 706 n.34 (9th Cir. 2006). Under California law, equitable tolling operates independently of the literal wording of California's Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness. See Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). The effect of equitable tolling is that the limitations period stops running during a tolling event and begins to run again only when the tolling event has concluded. See id. The tolled interval is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred. See id. at 370-71. Application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of her claim against the effect upon the important public interest or policy expressed by the limitations statute. See id. at 371.

Under California law, "three conditions must be met to toll the statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988). The sole issue a federal court must determine on a motion to dismiss a § 1983 claim for being time-barred under California law is "whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993)

(emphasis in original).

The Court concludes that Plaintiff is entitled to a denial of City's motion to dismiss her § 1983 claim based on the potential applicability of the equitable tolling doctrine. City potentially had timely notice of Plaintiff's claim based on Officer Taylor's conduct on February 3, 2005 since on February 7, 2006, police officers from El Cajon police department interviewed Plaintiff regarding the incident. (City's Req. Judicial Notice, Application Leave Present Late Claim, Ex. 1, Ex. A at 1-3 (Doc. 5-4 at 29-31).) An El Cajon police officer conducted a follow-up telephonic interview with Plaintiff the next day. (Id. at 1 (Doc. 5-4 at 32.)) City is at least potentially not prejudiced by being required to defend against Plaintiff's claim since Plaintiff alleges that Officer Taylor was convicted on March 28, 2007 in San Diego County Superior Court of crimes related to Plaintiff's § 1983 claim. Therefore, there is at least some potential that City would not face the typical prejudice associated with a time-barred claim such as lost evidence or faded memories. Finally, Plaintiff explained in her application for leave to present a late claim that her delay was due to her fear of reprisal by Officer Taylor prior to his conviction and her desire to have the facts of her case investigated and determined through the criminal prosecution of Officer Taylor. (Id. Ex. 1 at 2-5 (Doc. 5-4 at 2-5).) Therefore, the Court denies City's motion to dismiss Plaintiff's § 1983 for being time-barred since Plaintiff potentially may be eligible for equitable tolling of the statute of limitations. The Court's order is without prejudice regarding City's ability to raise a similar argument on a motion for summary judgment.

### 2. **Plaintiff's State Claims**

City's argues that Plaintiff's state claims are also subject to a two-year statute of limitations. The Court concludes, for similar reasoning as previously expressed, that Plaintiff potentially may be eligible for equitable tolling of the statute of limitations on these claims as well. Therefore, the Court denies City's motion to dismiss Plaintiff's state claims based on the claims being time-barred, without prejudice regarding City's ability to raise a similar argument on a motion for summary judgment.

### C. California's Tort Claims Act

Defendant argues that Plaintiff's state claims should be dismissed because of her failure to comply with the requirements of California's Tort Claims Act, Cal. Gov't Code § 810 et seq. Under California's Tort Claim Act, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. See Cal. Gov't Code §§ 910, 911.2, 915, 945.4; see also State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004). In enacting the Tort Claims Act, the California Legislature intended to confine potential governmental liability to rigidly delineated circumstances so that governmental immunity is waived only if the various requirements of the act are satisfied.[2] See id. at 1243. Failure to allege facts in a complaint demonstrating compliance with prelitigation governmental claims presentation requirements of the Tort Claims Act subjects the complaint to a motion to dismiss. See id. at 1239.

The California Court of Appeal has recently had opportunity to discuss the presentation requirement of the Tort Claims Act:

> Under the Tort Claims Act, a person may not sue a public entity for personal injury or wrongful death unless he or she first presented a written claim to the public entity within six months following the accrual of the claim and the public entity rejected the claim. [Cal. Gov't Code] §§ 911.2, 945.4. . . . If a claim is presented late, the public entity, within a prescribed time, may send the claimant written notice that the claim is being returned without action due to its untimely presentation. In that instance, the claimant's only recourse is to apply for leave to present a late claim. [Id.] § 911.3, subd. (a).)
>
> A claimant has a period of one year from the accrual of the claim to present a written application to the public entity for leave to file a late claim. [Id.] §§ 911.4, 911.6. If the public entity denies leave to present a late claim, the claimant can petition the court under section 946.6 for an order relieving him or her of the requirement of presenting a claim. The court must relieve the petitioner from presentation and claim requirements if it finds the claimant's application under section 911.4 was made within a reasonable time, was denied or deemed denied under section 911.6, and the "failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." [Id.] § 946.6, subd.

---

[2] Claims against a public entity based on 42 U.S.C. § 1983 need not meet the requirements of the Tort Claims Act. See Felder v. Casey, 487 U.S. 131, 134 (1988).

    (c)(1).) In determining whether relief is warranted, the court will consider the petition, any supporting or opposing affidavits, and any other evidence presented at the hearing.

Doe v. Bakersfield City School Dist., 136 Cal. App. 4th 556, 566-67 (2006).

Filing a late-claim application with a government entity within one year after accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition under the Tort Claims Act. See Munoz v. State of California, 33 Cal. App. 4th 1767, 1779 (1995). When the underlying application to file a late claim is filed more than one year after the accrual of a cause of action, a court is without jurisdiction to grant leave to file a late claim against the governmental entity. See id.; see also Brandon G. v. Gray, 111 Cal. App. 4th 29, 34 (2003).

"Notwithstanding these rules, '[i]t is well settled that a public entity may be estopped from asserting the limitations of the [Tort Claims Act] where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act.'" Bakersfield City School Dist., 136 Cal. App. 4th at 567. Estoppel most commonly results from misleading statements about the need for, or advisability of, a claim. See id. Actual fraud or the intent to mislead is not essential. See id.

The Court concludes that for purposes of City's motion to dismiss, Plaintiff has demonstrated sufficient allegations to deny the motion. The Court's denial is without prejudice regarding City's ability to raise a similar motion on a motion for summary judgment.

## Conclusion

For the reasons discussed, the Court **DENIES** City's motion to dismiss Plaintiff's suit, **WITHOUT PREJUDICE** regarding City's ability to raise similar arguments in a motion for summary judgment.

IT IS SO ORDERED.

DATED: October 4, 2007

                                              MARILYN L. HUFF, District Judge
                                              UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.